OPINION
David W. Kotary (hereafter, Kotary) is one of four young men students at Wright State University who were charged with, jointly tried to the bench, and found guilty by the Municipal Court of Fairborn, Ohio, of Misconduct at an Emergency, a violation of R.C.1917.13.
Kotary's co-defendants were the other three occupants of dormitory room 415-B in Wright State residence dormitory Hawthorn Hall on the night of April 2, 1999, when a fire alarm was activated in the early morning hours. The Fairborn Fire Department responded, as well as the University Police, and in searching the Hall, they discovered Kotary and his three roommates still in their room. The record indicates that there were other students who had not properly responded to the fire alarm, but their fate is not at issue here. Almost all the students had evacuated the premises and were observed by the officers milling about outside the building. Tr. 9.
By order of the commanding officer, these four students, as well as others who apparently did not respond properly to the alarm, were routinely handed notices of the violation charge against them that same night. At the trial to the bench, all four were represented by the same counsel, and all four testified. Testifying for the State were Officer David Cox and Officer Donald A. Rushlow, both of the Wright State University Police Department, and Lt. Roger Daily of the City of Fairborn Fire Department. Each defendant testified that he was asleep and did not hear the fire alarm until they were awakened by the officers knocking on their dormitory door, opening their door, and ordering them to leave their room. The defendants also testified that two fans were operating in the room, they were noisy, and that it is hard to hear through the door when it is closed. Tr. 46, 48, and 54.
On the other hand, Officer Cox described the fire alarm as "a very loud, obnoxious, audible alarm with a visual strobe." Tr. 8-9. He also testified that he was able to hear the alarm throughout the building, Tr. 9, and that it had probably been ringing for at least twenty-five minutes before they arrived and did a room by room check of the Hall. Tr. 21. Officer Rushlow testified that he had no problem hearing the alarm anywhere in the building, and Lt. Daily testified that the alarm was "very uncomfortable" and "almost deafening." Tr. 31., Appellant Kotary presents two assignments of error:
 1. THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S RULE 29 MOTION TO DISMISS AS THE REQUISITE MENTAL STATE WAS NOT ESTABLISHED BY THE STATE.
 2. THE TRIAL COURT ERRONEOUSLY FOUND THE DEFENDANT GUILTY OF R.C. 2917.13 AS THE STATE FAILED TO ESTABLISH THAT DEFENDANT KNOWINGLY HAMPERED THE OPERATION OF ANY LAW ENFORCEMENT OFFICER OR FIREMAN ET. SEQ.
We will consider the assignments together as they essentially raise the same issue, which counsel argued in the trial court, that Kotary (and his co-defendants) were sound asleep at the time and, therefore, lacked the conscious intent to knowingly violate the statute. The appellant agrees that deliberately not evacuating a building upon the sound of a fire alarm is a dangerous and serious matter and does not dispute the need to enforce the law against such misbehavior. The whole issue on appeal, therefore, is whether the students did not hear the alarm at all until they were awakened, or whether they apparently ignored it and thereby violated the law. The issue, thus, is one of credibility. Were the students credible in their testimony about being asleep and not hearing the alarm, or were the officers more credible in their testimony as to the "deafening" and "obnoxious" sound of the alarm throughout the entire residence hall? The alarm on the fourth floor of the Hawthorn Hall was sixty-eight feet from the room occupied by the defendants (Tr. 46), and on rebuttal Officer Cox testified that the alarm was loud enough at that end of the hall to wake an individual. Tr. 65.
The court clearly came down on the credibility issue on the side of the State. In ruling from the bench at the conclusion of the hearing, the trial court stated, inter alia: "I just don't see how anyone could not have heard it. I don't have any other evidence that this alarm was not sufficient for an average sleeping person to hear this alarm." Tr. 71. The court further stated, "I just cannot believe that you [meaning all four defendants] cannot have heard that alarm. I don't have anything in front of me except testimony that it was extremely loud from every vantage point that they had." Id.
As we have stated many times before, (see e.g., City ofDayton v. Ronald J. Versic (Mar. 15, 1996), Montgomery App. No. 15223, p. 6, unreported) it is settled law that credibility is for the trier of the facts and "where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court." Myers v. Garson (1993), 66 Ohio St.3d 610,614. As the Supreme Court of Ohio observed in SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, at 80: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Such deference is particularly important in light of research that indicates that as much as "ninety percent of the total meaning of testimony is interpreted through non-verbal behavior, such as voice inflection, hand gestures, and the overall visual demeanor of the witness. The witness' choice of words accounts for only ten percent of the meaning of their testimony." State v. Evans (1993), 67 Ohio St.3d 405,410-411.
The court concluded by noting and emphasizing the seriousness of not evacuating a building upon the sound of a fire alarm, but then fined each defendant only $25 and costs.
This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the fact finder lost its way. State v.Martin (1983), 20 Ohio App.3d 172, 175. It is not apparent here.
Both assignments of error are overruled, and the judgment is affirmed.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Michael A. Mayer
Todd W. Souve
Hon. Catherine M. Barber